# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

MELINDA COE,

          Plaintiff,

   v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

          Defendant.

Case No. ED CV 16-00238 AFM

**MEMORANDUM OPINION AND
ORDER REVERSING DECISION OF
COMMISSIONER AND
REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS**

## I.

## BACKGROUND

Plaintiff Melinda Coe filed her application for disability benefits under Title II of the Social Security Act on November 19, 2012, and her application for supplemental security income under Title XVI of the Social Security Act on January 14, 2013. After denial on initial review and on reconsideration, a hearing took place before an Administrative Law Judge (ALJ) on August 18, 2014, at which Plaintiff testified on her own behalf.  In a decision dated September 5, 2014, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act for the period from January 2, 2012 through the date of the decision.

The Appeals Council declined to set aside the ALJ's unfavorable decision in a notice dated January 14, 2016.  Plaintiff filed a Complaint herein on February 8, 2016, seeking review of the Commissioner's denial of her application for benefits.

In accordance with the Court's Order Regarding Further Proceedings, Plaintiff filed a memorandum in support of the complaint on August 8, 2016 ("Pl. Mem."); the Commissioner filed a memorandum in support of her answer on October 12, 2016 ("Def. Mem."); and Plaintiff filed a reply on October 27, 2016 ("Pl. Reply").  This matter now is ready for decision. [1]

## II.

## DISPUTED ISSUES

As reflected in the parties' memoranda, the disputed issues that Plaintiff is raising are as follows:

1. Whether the ALJ failed to properly evaluate the opinions of plaintiff's treating physicians Dr. Morales and Dr. Taylor.

2. Whether the ALJ improperly rejected the Plaintiff's testimony regarding pain and function limitations.

## III.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied.  *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014).  Substantial evidence means "more than a mere scintilla" but less than a preponderance.  *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).  Substantial evidence is "such relevant evidence as a

---

[1] The decision in this case is being made based on the pleadings, the administrative record ("AR"), the parties' memoranda in support of their pleadings, and plaintiff's reply.  (*See* AR 10 at ¶ 2.)

1   reasonable mind might accept as adequate to support a conclusion." *Richardson*,

2   402 U.S. at 401.  This Court must review the record as a whole, weighing both the

3   evidence that supports and the evidence that detracts from the Commissioner's

4   conclusion.  *Lingenfelter*, 504 F.3d at 1035.  Where evidence is susceptible of more

5   than one rational interpretation, the Commissioner's decision must be upheld.  *See*

6   *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

7   **IV.**

8   **FIVE-STEP EVALUATION PROCESS**

9       The Commissioner (or ALJ) follows a five-step sequential evaluation process

10   in assessing whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920;

11   *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995), *as amended* April 9, 1996.

12   In the first step, the Commissioner must determine whether the claimant is

13   currently engaged in substantial gainful activity; if so, the claimant is not disabled

14   and the claim is denied.  *Id*.  If the claimant is not currently engaged in substantial

15   gainful activity, the second step requires the Commissioner to determine whether

16   the claimant has a "severe" impairment or combination of impairments significantly

17   limiting his ability to do basic work activities; if not, a finding of nondisability is

18   made and the claim is denied.  *Id*.  If the claimant has a "severe" impairment or

19   combination of impairments, the third step requires the Commissioner to determine

20   whether the impairment or combination of impairments meets or equals an

21   impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R. part

22   404, subpart P, appendix 1; if so, disability is conclusively presumed and benefits

23   are awarded.  *Id*.  If the claimant's impairment or combination of impairments does

24   not meet or equal an impairment in the Listing, the fourth step requires the

25   Commissioner to determine whether the claimant has sufficient "residual functional

26   capacity" to perform his past work; if so, the claimant is not disabled and the claim

27   is denied.  *Id*.  The claimant has the burden of proving that he is unable to perform

28   past relevant work.  *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).  If the

3

claimant meets this burden, a *prima facie* case of disability is established. *Id*. The Commissioner then bears the burden of establishing that the claimant is not disabled, because he can perform other substantial gainful work available in the national economy. *Id*. The determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R. §§ 404.1520, 416.920; *Lester*, 81 F.3d at 828 n.5; *Drouin*, 966 F.2d at 1257.

## V.

## THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 2, 2012, the alleged onset date. (AR 22.) At step two, the ALJ found that Plaintiff had the following severe impairments: fibromyalgia, atrial fibrillation, obesity, and adjustment disorder with mixed anxiety and depressed mood. (*Id*.) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 23.) At step four, the ALJ found that Plaintiff had the residual functional capacity (RFC) to perform a reduced range of light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(c) and was limited to simple and routine tasks. (AR 25.) Plaintiff's RFC prevented her from performing any of her past relevant work. (AR 30.) Finally, at step five, based on Plaintiff's age, education, work experience, and RFC, the ALJ concluded that there are other jobs (fundraiser, survey worker, and information clerk) that exist in significant numbers in the national economy that the Plaintiff can perform. (AR 31-32.) Accordingly, the ALJ concluded that Plaintiff was not disabled as defined in the Social Security Act since January 2, 2012. (AR 32.)

///

///

///

///

# VI.

## DISCUSSION

**A.    <u>Opinion of Treating Physician Morales</u>**

It is well established in this Circuit that a treating physician's opinion is entitled to special weight, because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual.  *See McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989).  "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability."  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).  The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record.  *See* 20 C.F.R. §§ 404.1527 and 416.927(d)(2).  If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons.  *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996); *Baxter v. Sullivan*, 923 F.3d 1391, 1396 (9th Cir. 1991).  Where an examining physician's opinion is uncontroverted, an ALJ must provide "clear and convincing" reasons to reject it.  Where, as in this case, an examining physician's opinion is contradicted by that of another doctor, the ALJ must provide "specific and legitimate" reasons that are supported by substantial evidence in the record to reject it. *See Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1298-99 (9th Cir. 1999); *Lester*, 81 F.3d  at 830-31; *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  Thus, the mere fact that a treating physician's opinion is controverted by another physician's opinion is not in itself a sufficient reason to reject the treating physician's opinion, but rather is merely determinative of the governing standard for rejecting the treating physician's opinion.

In this case, the ALJ stated that "little weight" was given to the opinion of Plaintiff's "primary care physician, Dr. Raymundo Morales, M.D., . . ."  (AR 27.)

The ALJ summarized certain functional limitations opined to by Dr. Morales in Exhibit 10F.  (AR 27-28, citing AR 521-22.)  The ALJ then provided one reason for rejecting Dr. Morales' opinion:  "Given the lack of significant positive findings in the medical records, the evidence does not substantiate the extent of the limitations expressed by Dr. Morales.  Indeed, the doctor's estimation that the claimant must be absent from work every 3 days is not borne out by the medical evidence."  (AR 28.)

The Court finds that the sole reason given by the ALJ for rejecting Dr. Morales' evaluation — i.e., that it is not supported by "significant positive findings in the medical records" — is the same kind of non-specific boilerplate language rejected by the Ninth Circuit as insufficient in *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).  There, the Ninth Circuit observed, "To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim." *Id*. at 421.

Although the decision discusses the record medical evidence, the ALJ did not provide his view of what specific evidence was inconsistent with Dr. Morales' opinion and why the ALJ's views, rather than Dr. Morales' were correct.  That does not comply with Ninth Circuit law:  "The ALJ must do more than offer his conclusions.  He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*. at 421-22; *see also McAllister*, 888 F.2d at 602 (treating physician's opinion improperly rejected where ALJ offered only "broad and vague" reasons and failed "to specify why the ALJ felt the treating physician's opinion was flawed").  Plaintiff has cited examples of the pertinent medical evidence that would need to be addressed in assessing Dr. Morales' opinion at pages 3 through 5 of the memorandum in support of the complaint.  In addition, it appears that the ALJ misread Dr. Morales' opinion in stating that the doctor

estimated plaintiff "must be absent from work every 3 days . . . ."  (AR 28.)  The opinion states that Plaintiff would have to be absent on average three days.  (AR 523.)  Questioning at the administrative hearing indicates that this was interpreted to mean three days out of a month (AR 65-66), and neither party suggests that Dr. Morales opined Plaintiff would be absent once every three days (i.e., 10 days per month), as the ALJ seemed to believe.

While the Commissioner purports to set forth additional reasons why Dr. Morales's opinions should not be credited (*see* Def. Mem. at 10-12), the Court is unable to consider those reasons.  *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003); *Ceguerra v. Sec'y of Health & Human Svcs.*, 933 F.2d 735, 738 (9th Cir. 1991) ("A reviewing court can evaluate an agency's decision only on the grounds articulated by the agency.").

Accordingly, the ALJ's decision erred in giving little weight to the opinion from Plaintiff's primary care physician, Dr. Morales.

**B.     Opinion of Treating Psychologist Taylor**

Dr. Taylor is a psychologist who provided treatment to Plaintiff for her mental impairments.  The ALJ gave "little weight" to Dr. Taylor's opinion for two reasons:  (1) "evidence denoting minimal mental health treatment" and (2) "the treatment relationship between Dr. Taylor and [Plaintiff] was relatively brief . . . ." (AR 29.)  The Commissioner does not directly discuss the first reason, but argues as to the second reason that the ALJ could dismiss Dr. Taylor's opinion because she only had four sessions with Plaintiff.  The Court concludes this is not a specific and legitimate reason.  As Dr. Taylor noted, and as Plaintiff testified, Plaintiff's limited number of treatment sessions was due to her financial limitations and her difficulty in leaving home.  (*See* AR 399 ("Ms. Coe stated that she could not afford to continue and that it was extremely difficult for her to leave her home"); AR 54 ("Once I can afford the copay again, God willing, I will be going back because she was helping me").)  The Court notes the Commissioner's argument that the longer a

source has treated a claimant, the more weight will be given to the source's opinion. (Def. Mem. at 14, citing 20 C.F.R. 404.1527(c)(2)(i).)   However, here, the ALJ credited portions of the opinion of a consultative examiner (Dr. Rathana-Nakintara), who only saw Plaintiff once.  (AR 29, citing AR 366-70.)  The ALJ does not explain why four visits was a basis to discredit Dr. Taylor, while only one visit allowed a portion of Dr. Rathana-Nakintara's assessment to be given great weight.   Nor does the ALJ give any express consideration to Plaintiff's limited financial means as impacting the number of treatment sessions with Dr. Taylor. And, as with the prior treating physician discussed above, the ALJ failed to state specifically what evidence was inconsistent with Dr. Taylor's and why the ALJ's interpretations of the medical record, rather than the Dr. Taylor's, are correct.  *See Embrey*, 849 F.2d at 421-22.

Finally, the Commissioner again purports to set forth additional reasons why Dr. Taylor's opinions should not be credited (*see* Def. Mem. at 13-15).  However, those reasons — not stated in the decision as support for giving little weight to Dr. Taylor's opinion — cannot be considered by the Court.  *See Connett*, 340 F.3d at 874; *Ceguerra,* 933 F.2d at 738.

## VII.

## DECISION TO REMAND

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court.  *See, e.g., Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990); *McAllister*, 888 F.2d at 603; *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981).  Before a case may be remanded for an immediate award of benefits, three requirements must be met: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be

required to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014); *see also Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015). If the record is "uncertain and ambiguous, the proper approach is to remand the case to the agency" for further proceedings. *See Treichler*, 775 F.3d at 1105. Here, further proceedings would be useful to resolve conflicts and ambiguities in the record. *Id.* at 1103-04 (in evaluating whether further administrative proceedings would be useful, the reviewing court should consider "whether the record as a whole is free from conflicts, ambiguities, or gaps, whether all factual issues have been resolved, and whether the claimant's entitlement to benefits is clear under the applicable legal rules"); *Burrell v. Colvin*, 775 F.3d 1133, 1141-42 (9th Cir. 2014). In particular, remand proceedings would be useful in clarifying the record here and resolving conflicts relating to the medical opinion evidence.

Because of the Court's finding and conclusion that remand is necessary due to the ALJ's failure to properly consider the opinions of Dr. Morales and Dr. Taylor, it is unnecessary for the Court to reach the issue of whether the ALJ properly assessed Plaintiff's credibility (Disputed Issue Two). On remand, however, Plaintiff's credibility may also be assessed in connection with the proper consideration of Dr. Morales' and Dr. Taylor's opinions.[2]

\*      \*      \*      \*

IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this Order.

DATED: November 15, 2016

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

_____

[2]   It is not the Court's intent to limit the scope of the remand.